## Abrams et al. v. Lapidus

*Meyer, Lasch, Hankin & Poul* and *James Dessen,* for plaintiffs.

*Schwartz, Campbell & Henry,* for defendant.

LEVINTHAL, J., February 25, 1955.—In this case defendant seeks to take the depositions of plaintiff's physician.

Defendant had earlier asked in filed interrogatories for information with respect to the nature and extent of plaintiff's disability, the names of his physicians and the cost of the treatment. Plaintiffs filed an answer to the interrogatories and at the same time forwarded to defendant's counsel the report of plaintiff's physician setting forth the date of each treatment, the amount of his charges and a detailed diagnosis. Plaintiff contends that: (1) Further discovery will not substantially aid defendant in the preparation or trial of his case as required by Pa. R. C. P. 4007(a) ; (2) Pa. R. C. P. 4010, providing for physical and mental examination of a party on the motion of the other party sets a limit to his right to discovery in this area, and (3) the deposition asked for will cause him unreasonable annoyance and expense.

1. Few things would more substantially aid in the preparation of trial of defendant's case than obtaining exact knowledge of the nature of plaintiff's damages. He should be entitled therefore to take the depositions of plaintiff's doctor. He certainly cannot be prevented from doing this by being compelled to accept whatever plaintiff seeks to give him by way of a doctor's report, even if it includes a diagnosis and statement of treatment. This report might be incomplete, or might upon examination prove to be based upon insufficient data, or to be an otherwise incorrect diagnosis. This is the sort of discovery that Pa. R. C. P. 4007(a) intended to authorize.

2. The fact that defendant has the right to a physical examination of plaintiff by a physician of defendant's choice, under Pa. R. C. P. 4010, does not preclude the discovery here asked for. Such examination would in many cases be unsatisfactory. The defendant's physician may be somewhat hampered in the ques-

tions he asks. Plaintiff's physical integrity cannot be violated, e.g., by blood tests, nor can he be subjected to any examination that will cause physical pain. Again defendant is entitled to such information as is available with respect to plaintiff's physical condition prior to the time that the discovery is sought. It seems obvious to us that a physical examination under Pa. R. C. P. 4010 should not limit plaintiff's right to the discovery here sought.

3. What defendant here seeks does not involve unreasonable annoyance or expense to plaintiff within the meaning of Pa. R. C. P. 4011(*b*). As we have indicated above it is not duplication, but something different to which defendant has a right.

Plaintiff's motion to vacate is discharged.